RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 4/23/13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| GARY WASHINGTON | DOCKET NO. 12-CV-1732; SEC. P |
| VERSUS | JUDGE JAMES T. TRIMBLE, JR. |
| CCA OF TENNESSEE, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

Pro se Plaintiff Gary Washington filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on June 15, 2012. He was granted leave to proceed in forma pauperis on July 3, 2012. On November 14, 2012, Plaintiff was ordered to amend his complaint. [Doc. #11] On December 14, 2012, Plaintiff sought an extension of time to comply with the order [Doc. #13], and the extension was granted on December 20, 2012 [Doc. #14].

Plaintiff is presently incarcerated at the Winn Correctional Center in Winnfield, Louisiana. He names as defendants Corrections Corp of America, Tim Keith, Becky Dougan, and Richard Cotton. He complains of unconstitutional conditions of confinement - specifically, dangerous work conditions in the Prison Enterprises Garment Factory.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Factual Allegations*

Plaintiff alleges that he was injured when his finger was cut by the blade of a saw. He claims that prior to his injury,

Defendants Dougan and Cotton were informed twice that the safety guard on the saw was not functioning properly. In the response to his administrative remedy, the Unit Head states that Plaintiff did not inform the defendants of a broken guard, and that the safety guard was not, in fact, broken at all.

### *Instructions to Amend*

Plaintiff was ordered to amend his complaint to describe what each defendant did to violate his constitutional rights and to describe the injury sustained as a result of any violation, as well as any medical care received. Additionally, Plaintiff was advised of the meaning of "deliberate indifference" and ordered to provide allegations of deliberate indifference by each defendant.

Plaintiff was further instructed to provide allegations of personal involvement by Warden Keith or to state what unconstitutional policy was implemented by the warden that resulted in his injuries, if applicable. Finally, because he named CCA as a defendant, Plaintiff was ordered to identify, if applicable, an official policy or custom of CCA that was the "moving force" behind its employees' alleged deprivation of Plaintiff's civil rights.

### *Law and Analysis*

Federal Rule of Civil Procedure (FRCP) 41(b) permits dismissal of claims "[i]f the plaintiff fails to prosecute or to comply with ... a court order..." The district court has the inherent authority to dismiss an action sua sponte, without motion by a

defendant. See Link v. Wabash R.R.Co., 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988).

Despite the very specific instructions from the Court, the granting of an extension of time until January 20, 2013, and an additional three months, to date, within which to comply, Plaintiff has failed to properly respond to the Court's Order.[1]

### *Conclusion*

Because Plaintiff has failed to comply with the Court order, **IT IS RECOMMENDED** that Plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** pursuant to FRCP 41(b).

### *Objections*

**Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the**

---

[1] Plaintiff's amended complaint was due, at the latest, on January 20, 2013. [Doc. #14] On March 1, 2013, Plaintiff provided the Court with medical records, which were not requested and are non-responsive to the information Plaintiff was ordered to provide. [Doc. #15]

3

magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 23rd day of April, 2013.

_____
JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE